IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE WELCH | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-1000 |
| | § | |
| ENERGY TRANSFER EQUITY, L.P. | § | |
| and LE GP, LLC | § | JURY DEMANDED |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS ENERGY TRANSFER EQUITY, L.P. AND LE GP, LLC'S NOTICE OF REMOVAL

Energy Transfer Equity, L.P. and LE GP, LLC (collectively "ETE") file this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446.

**I.**

On March 21, 2016, Plaintiff Jamie Welch served ETE with his Original Petition, styled *Jamie Welch vs. Energy Transfer Equity, L.P. and LE GP, LLC*, Cause No. DC-16-02809 in the 191st District Court of Dallas County, Texas. A true and correct copy of Plaintiff's Original Petition is attached at Tab 2.

In his petition, Welch asserts a breach of contract claim on the basis that ETE has failed and refused to pay him any severance under the Energy Transfer Partners GP, L.P. Severance Plan. (Petition ¶¶ 29, 45-49). ETE answered and asserted the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA") preemption as an affirmative defense. A true and correct copy of ETE's Original Answer is attached at Tab 10.

1

**II.**

This Court has original jurisdiction of this matter because Plaintiff's claims arise under the laws of the United States, specifically ERISA.  *See* 29 U.S.C. §§ 1001, et seq.; *see also* 28 U.S.C. § 1331 (establishing federal question jurisdiction for civil actions arising under the laws of the United States); 28 U.S.C. § 1441(b) (authorizing removal of civil action founded on a claim or right arising under the laws of the United States without regard to the citizenship or residence of the parties).

**III.**

ERISA § 502(a)(1)(B) provides that a participant or beneficiary of an employee benefit plan[1] may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Thus, a suit to remedy an alleged wrongful denial of benefits is "completely preempted" by ERISA § 502(a)(1)(B).  As a result, the cause of action is necessarily federal in nature and removal is proper.  *See, e.g.*, *Aetna Health*, 542 U.S. at 220-21; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437, 440 (5th Cir. 2003) (en banc), cert. denied, 124 S. Ct. 1044 (2004); *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (holding that if a court must refer to an employee-benefit plan to determine benefits and compute damages, that cause of action "relates to" an employer benefit plan and is thus preempted).

---

[1]  An "employee welfare benefit plan" means any plan, fund or program established or maintained by an employer to the extent established or maintained for the purpose of providing to participants or beneficiary, through insurance or otherwise: medical, sickness, accident, disability, death, unemployment or vacation benefits, or apprenticeship or other training programs, day care programs, scholarship funds, prepaid legal services or severance benefits.  *See* 29 U.S.C. § 1002(1).

In this case, Welch has alleged eligibility to receive severance benefits under the Energy Transfer Partners GP, L.P. Severance Plan and Summary Plan (the "Severance Plan") as a result of a Qualifying Termination (as that term is defined in the Severance Plan), and that, "despite the fact that Mr. Welch is entitled to this benefit, ETE has failed and refused to pay to Mr. Welch any severance." (Petition ¶ 29). Welch further alleges that the Severance Plan is a valid, enforceable contract. (*Id*. ¶ 45).

The Severance Plan is an ERISA Plan. A true and correct copy of the Severance Plan is attached at Tab 11.

Plaintiff's claim is a denial of benefits ERISA § 502(a)(1)(B) claim. Because Plaintiff's claims arise under the laws of the United States, specifically ERISA, Plaintiff's lawsuit is removable to a federal district court. *See Aetna Health*, 542 U.S. at 220-21; *Metro. Life Ins. Co*., 481 U.S. at 62-63; *Arana*, 338 F.3d at 437; *Epps*, 7 F.3d at 45.

### IV.

ETE was served with Welch's Original Petition on March 21, 2016. (*See* Exhibit 6.) This Notice is, therefore, timely filed pursuant to 28 U.S.C. §1446. A true and correct copy of Defendant's Notice of Removal will be filed with the Clerk for the Dallas County District Court for the 191st Judicial District.

### CONCLUSION

For these reasons, ETE prays that the action now pending the Dallas County District Court, 191st Judicial District, be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
& MENSING P.C.


*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad
Texas Bar No. 00941100
Federal ID No. 11604
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
joeahmad@azalaw.com

OF COUNSEL:
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
Elizabeth Pannill Fletcher
Texas Bar No. 24056087
Federal ID No. 711256
efletcher@azalaw.com

LYNN PINKER COX HURST
Mike Lynn
Texas Bar No. 12738500
Federal ID No. 12738500
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3801
Facsimile: 214-981-3839
mlynn@lynnllp.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2016, a true and correct copy of the above and foregoing document was served on the following counsel in accordance with Federal Rule of Civil Procedure 5(b):

Karl Stern
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana St., Suite 500
Houston, Texas 77002
karlstern@quinnemanuel.com

*Attorney for Plaintiff*

                                              */s/ Joseph Y. Ahmad*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE WELCH | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| ENERGY TRANSFER EQUITY, L.P. | § | |
| and LE GP, LLC | § | JURY DEMANDED |
| | § | |
| *Defendants.* | § | |

# DEFENDANTS ENERGY TRANSFER EQUITY, L.P. AND LE GP, LLC'S INDEX OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

| Tab | Document | Date Filed in State Court |
|---|---|---|
| 1. | Docket Sheet in Cause No. DC-16-02809 in the District Court of Dallas County, Texas | |
| 2. | Plaintiff Jamie Welch's Original Petition and Request for Disclosures | March 10, 2016 |
| 3. | Civil Case Information Sheet (Dallas County) | March 11, 2016 |
| 4. | Citation Issued – (Addressed to Energy Transfer Equity, L.P.) | March 15, 2016 |
| 5. | Citation Issued – (Addressed to LE GP, LLC) | March 15, 2016 |
| 6. | Process Server's Return of Service – (Energy Transfer Equity, L.P.) | March 21, 2016 |
| 7. | Process Server's Return of Service – (LE GP, LLC.) | March 21, 2016 |
| 8. | Correspondence from Plaintiff's Counsel | April 5, 2016 |
| 9. | Correspondence from Plaintiff's Counsel | April 6, 2016 |
| 10. | Original Answer of Defendants Energy Transfer Equity, L.P. and LE GP, LLC | April 11, 2016 |
| 11. | Energy Transfer Partners GP, L.P. Severance Plan and Summary Plan Description | |

4839-2469-5087, v. 3